### HARRIS v. CORDELLA et ux.
(No. 674–4568.)

(Commission of Appeals of Texas, Section B. June 23, 1926.)

1. **Homestead** ⟨key⟩90—**Bona fide purchaser of purchase-money notes held not entitled to lien on homestead for money received by vendor on cancellation of deed for forgery.**

Where vendee, under forged deeds, sold purchase-money notes to bona fide purchaser, *held* that, on cancellation of deed, bona fide purchaser was not entitled to lien against property, which was vendor's homestead, for money turned over to vendor by vendee from sale of notes, since homestead rights of vendor's wife, who was not party to transaction, could not be so jeopardized.

2. **Vendor and purchaser** ⟨key⟩261(4)—**Purchaser of notes and deed of trust from vendee claiming under forged deed held to acquire no interest.**

Where vendee's claim of title rested on forged deed, notes and deed of trust by vendee incumbering property, though transferred to bona fide purchaser for value, conveyed no interest.

3. **Vendor and purchaser** ⟨key⟩261(4)—**On cancellation of deed as forgery, bona fide purchaser of purchase-money notes, held entitled to interest on amount received by vendor from vendee out of proceeds of notes from date money was received by vendor.**

Where vendee, under forged deed, sold purchase-money notes to bona fide purchaser, *held* that, on cancellation of deed for forgery, bona fide purchaser, who recovered judgment against vendor for amount paid to vendor by vendee, out of proceeds of such notes was entitled to interest on such payment from date vendor received it.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by Sam Cordella and wife against H. L. Collier, D. S. Harris, and others. Judgment of the district court was reversed and rendered in part, and in part affirmed, by the Court of Civil Appeals (280 S. W. 247), and the last-named defendant brings error. Judgment modified, and, as so modified, affirmed.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for plaintiff in error.

Rosser Thomas, of Dallas, for defendants in error.

SHORT, J. The opinion of the Court of Civil Appeals in this case is to be found in 280 S. W. 247. This opinion fully states the facts and circumstances under which the transaction involved occurred, and we think the conclusions of law reached are not only correct, but clearly state the principles upon which the conclusion is based. We find ourselves unable to add little which we think necessary for the elucidation of these principles of law based upon the facts found by the Court of Civil Appeals.

The plaintiff in error labors under the erroneous idea that this suit was one for rescission of the deed executed by the defendants in error to H. L. Collier, wherein the consideration for the homestead of defendants in error was $4,500, of which $900 was to be paid in cash, and nine notes for $400 were to be executed, payable every six months successively. The Court of Civil Appeals finds that this deed was never accepted by Collier, and this $900 was never paid in accordance with this provision, but that another deed was forged, reciting a consideration of $6,500, evidenced by 14 notes and the cash consideration of $900, wherein a first lien was retained on the land to secure the four first notes aggregating $2,000, and a second lien was retained on the land for the remainder, and that these four first notes came into the possession of Collier through a forged indorsement of Sam Cordella, and were negotiated by Collier with the agent of the plaintiff in error, by which Collier was paid $1,825 in cash, of which $900 was by Collier afterwards paid to Cordella, who knew nothing about the transaction with the plaintiff in error, and was ignorant of the execution of the forged deed as well as the forged indorsement, and the Court of Civil Appeals very correctly holds that, while Sam Cordella owes the plaintiff in error this $900, the plaintiff in error was not entitled to have established against the homestead of Cordella and wife an equitable lien to secure the payment of it, nor was Sam Cordella and wife, in order to relieve their homestead of an equitable lien, in equity required to deposit this $900 in the registry of the court. This forged deed was recorded in the deed records of the county where the land was situated, as well as a deed of trust executed by Collier and wife to the plaintiff in error to secure the payment of the four notes aggregating the $2,000 and the record of these instruments had the legal effect to cloud the title of the homestead belonging to defendants in error and apparently incumber it with a valid lien; in consequence of which, under the facts found by the Court

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of Civil Appeals, the latter were entitled to have these instruments canceled, not because of any fraud perpetrated by the plaintiff in error, and there was none on his part, but rather by reason of the fact that the rights of the plaintiff in error emanated from forged instruments, and not from any act of the defendants in error. The case stands as though no instrument involving their homestead had ever been executed by the defendants in error. The contract of sale with Pitts, the alleged partner of Collier, was found to be a forgery as recorded, though the defendants in error admitted that they executed a contract of sale in accordance with the terms of the instrument executed in favor of Collier, conveying their homestead to him. The instrument apparently conveying their homestead to Collier disappeared after its delivery to Pitts. Collier was notified to produce it on the trial. He did not do so, and the record is silent as to any affirmative and direct evidence that Collier ever accepted this deed. Upon the contrary, the record is clear that he did not accept it, because he acted under a different instrument, whose terms were more onerous and essentially different from those in the instrument delivered to Pitts.

[1] This suit was originally instituted by Sam Cordella and wife, Tarafine Cordella. Its real purpose was to clear their homestead of an apparently valid lien fixed by means of forged and fraudulent documents. While the husband received in fact $900 from Collier, and while this $900 was received by Collier from Harris, the plaintiff in error, and while Sam Cordella thereby became indebted to Harris, the plaintiff in error, in the amount of the $900, the homestead rights of his wife could not be jeopardized by these circumstances, since she was not a party to this part of the transaction, and therefore could not be bound even by the obligations of her husband growing out of the fact that he accepted from Collier this $900. The Court of Civil Appeals gave a judgment in favor of Harris, plaintiff in error, against Sam Cordella for the $900 with interest. It denied the right of Harris to have established an equitable lien against the homestead of defendants in error as well as the demand of Harris that Cordella and wife be required to place this $900 in the registry of the court as a prerequisite to a judgment in their favor for their homestead.

[2, 3] The Court of Civil Appeals very correctly says that, since Harris' claim rested on a forged deed and on forged notes, and on a fraudulent deed of trust apparently incumbering the property, notwithstanding he was an innocent purchaser of the notes for value, this claim could not be a valid one, and evidenced no interest in the property. All the authorities cited by the plaintiff in error apply to actions involving the rescission of contracts wherein the party seeking the rescission has been required to tender back that which he has received as a prerequisite to his right to have the contract canceled. In this case there was no contract between the plaintiff in error and the defendants in error, and the principles of law applicable to the rescission of contracts for which the plaintiff in error contends have no application in this case. This is the only matter we have deemed of sufficient importance to discuss even briefly. All the other assignments of error have been considered, and are overruled, except assignment No. 9, which complains of the action of the Court of Civil Appeals in refusing to allow the plaintiff in error interest from March 1, 1922, the date on which Sam Cordella received the $900. We sustain this particular assignment, and recommend that the judgment of the Court of Civil Appeals rendered in this case be modified to that extent, and, as modified, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.